UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VANESTA A. HILL, )<br>)<br>      Plaintiff, )<br>)<br>v. )<br>)<br>OFFIT KURMAN ATTORNEY AT LAW, )<br>)<br>)<br>      Defendant. ) | Civil Action No. 1:24-cv-02028 (UNA) |

## MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiff's *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2. The court will grant the *in forma pauperis* application and dismiss the case without prejudice for want of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3), and for failure to state a claim, *see* 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff, a resident of the District of Columbia, sues the law firm Offit Kurman, also located in the District. *See* Compl. at 1, 3; *see also* Compl. Exs., ECF No. 1-1, at 1–2 (Cover Letter) ("Cov. Ltr."). Plaintiff alleges that defendant has engaged in the "illegal practice of the law," and that she has been harassed by defendant, as well as their client and her landlord, River Hill Apartments, and by the D.C. Emergency Rental Assistance Program ("ERAP"), *see* Compl. at 1–2, though she does not name the latter two as defendants, *see* Fed. R. Civ. P. 10(a); D.C. LCvR 5.1 (c)(1), (g).

River Hill has apparently sued plaintiff for unpaid rent in the landlord-tenant branch of the Superior Court of the District of Columbia. *See* Compl. at 2–3; Cov. Ltr.; Compl. Exs. at 4 (Delinquency Notice); *id.* at 6–8 (Proposed Settlement Agreement") ("Agreement"); *id.* at 9 (Notice of Past Due Rent); *see also CIH Properties, Inc., et al. v. Vanessa Hill*, No. 2024-LTB-

000985 (D.C. Super. Ct. 2024). Plaintiff is concerned that, should she and River Hill fail to reach a settlement agreement, she will be disqualified from receiving financial assistance from ERAP, rendering her homeless. *See* Compl. at 2–3; Compl. Exs. at 5 (Notice of Rent Payment Program); id. at 10 (Partial Order from the D.C. Office of Admin. Hearings).

Confoundingly, plaintiff also asserts that defendant has, in fact, presented her with a proposed consent settlement agreement, and that River Hill has assured her that it has been proposed in an effort to avoid litigation. *See* Compl. at 2–3; *see also* Agreement. Notwithstanding, plaintiff is suspicious of the proposed consent agreement based on her *pro se* status and because she has purportedly yet to been served in that matter. *See* Compl. at 2–3. Consequently, plaintiff has declined to execute the agreement, believing that its delivery to her doorstep constituted "coercion" and an act "housing discrimination." *See id.* at 1–3; *see also* Agreement. She demands $100,000 due to the resulting emotional distress. Compl. at 3.

Plaintiff has failed to establish subject matter jurisdiction. First, as here, federal court cannot intervene in an ongoing local court proceeding. *See District Properties Assocs. v. District of Columbia*, 743 F.2d 21, 27 (D.C. Cir. 1984) ("[T]he doctrine of *Younger v. Harris*, 401 U.S. 37 (1971), and its progeny restrains federal courts from interfering in ongoing state judicial proceedings."); *see also Parker v. Daniels*, No. 09-0810, 2009 WL 1184391, at *1 n.2 (D.D.C. May 4, 2009) ("While a landlord has certain duties to a tenant that are legally enforceable, such matters are generally matters of common law or state law (not federal law), which may be heard in a court of general jurisdiction such as a state court or, in the case of the District of Columbia, the District of Columbia Superior Court." ).

And even if the landlord-tenant proceedings in Superior Court were concluded, plaintiff's claims would nonetheless be barred by the *Rooker-Feldman* abstention doctrine, which prohibits

federal courts from reviewing determinations made by state or local courts, *see Richardson v. District of Columbia Court of Appeals*, 83 F.3d 1513, 1514 (D.C. Cir. 1996) (citing *District of Columbia v. Feldman*, 460 U.S. 462, 476 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)). The *Rooker-Feldman* abstention doctrine "bars lower federal courts from considering not only issues raised and decided in the state courts, but also issues that are 'inextricably intertwined' with the issues that were before the state court." *Feldman*, 460 U.S. at 486; *see also Laverpool v. Taylor*, 229 F. Supp. 3d 5, 16 (D.D.C. 2017) ("Although Plaintiff styles his claims as arising under various federal statutes and constitutional protections, even a liberal reading of his Complaint makes clear that he seeks the invalidation of the judicial foreclosure on his property [by alleging that the defendants] . . . conspired to abuse the judicial process in order to unlawfully deprive him of his property.") (cleaned up); *Ananiev v. Freitas*, 37 F. Supp. 3d 297, 312 (D.D.C. 2014) (dismissing the plaintiff's constitutional claims stemming from an eviction as barred by the *Rooker–Feldman* abstention doctrine), *aff'd*, 587 Fed. Appx. 661 (D.C. Cir. 2014) (per curiam).

Second, even if plaintiff did not face those hurdles, she has still failed to otherwise establish subject matter jurisdiction based on the allegations presented. The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3). Plaintiff has neither stated federal question nor established diversity jurisdiction.

Although plaintiff references, in passing, "housing discrimination," *see* Compl. at 1–3, she has proposed no facts to support such an allegation. *See Ashcroft v. Iqbal*, 556 U.S. 662, 682

(2009) ("bare assertions" of discrimination are "not entitled to be assumed true").  Plaintiff cannot "merely invoke" buzzwords "in the course of a claim's narrative and automatically be entitled to pursue relief." *Bray v. RHT, Inc.*, 748 F. Supp. 3, 5 (D.D.C. 1990).  Put differently, "[e]vents may not have unfolded as [p]laintiff wished, but h[er] dissatisfaction . . . [does] not form a basis" of a claim to violation of a constitutional or federal statutory violation.  *See Melton v. District of Columbia*, 85 F. Supp. 3d 183, 193 (D.D.C. 2015).  Notably, the complaint is silent as to any given basis for the alleged housing discrimination, and plaintiff also fails to invoke any legal authority.  More, all of the parties are located in the District of Columbia, thereby defeating diversity jurisdiction. *See* 28 U.S.C. § 1332(a); *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373–74 (1978)).

Finally, even if plaintiff had established subject matter jurisdiction, she has also failed to state a claim. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to state a claim.  *Iqbal,* 556 U.S. at 678.  Although a *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (cleaned up), it still "must plead 'factual matter' that permits the court to infer 'more than the mere possibility of [defendant's] misconduct,'" *Atherton v. District of Columbia Office of the Mayor*, 567 F.3d 672, 681–82 (D.C. Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678–79).

Here, plaintiff's allegation that defendant's delivery of a proposed settlement agreement for her review, which she has not yet signed, and is predicated on her first consulting with her own legal counsel, *see* Agreement ¶ 9, falls short of stating any claim of wrongdoing.  Indeed, as presented, it appears that defendant is merely fulfilling its own professional obligations.  Plaintiff

has thus failed to meet the minimum pleading standard and has therefore failed to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); Fed. R. Civ. P. 8(a).

For all of these reasons, this case will be dismissed without prejudice. A separate order accompanies this memorandum opinion.

Date: August 1, 2024

TREVOR N. McFADDEN
United States District Judge